UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OWEN HARTY, Individually,                           :
                                                    :
                               Plaintiff,           :        15-cv-08190 (NSR)
             -against-                              :        OPINION AND ORDER
                                                    :
SPRING VALLEY MARKETPLACE                           :
LLC, A Delaware Limited Liability Company,          :
and JOL OWNERS LLC, A Delaware Limited              :
Liability Company,                                  :
                                                    :
                               Defendants.          :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

      Before the court is Defendants' motion seeking reconsideration of this court's order,

dated October 27, 2015, granting Plaintiff's counsel, John F. Ward, Esq. (Ward), an attorney duly

licensed to practice law in the state of Pennsylvania, *pro hac vice* admission. Defendants assert

*pro hac vice* admission should not be granted to an attorney who makes multiple applications and

or routinely practices before the court. Plaintiff opposes the motion on the basis, *inter alia*, that

the court did not misapply a controlling principle of law. For the following reasons, the motion is

DENIED.

## STANDARD ON A MOTION FOR RECONSIDERATION

      Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. R. Civ. P.

60(b). The standard for granting a motion for reconsideration pursuant to Local Rule 6.3 is strict.

*Targum v. Citrin Cooperman & Company, LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6188339, at

1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion

of the district court[,]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1|22|2016

Such a motion "is not a vehicle for . . . taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). *See also Koehler v. Bank of Bermuda, Ltd.*, No. M18–302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005) (citing *Kunica v. St. Jean Fin., Inc.*, 63 F. Supp. 2d 342, 346 (S.D.N.Y. 1999) (holding that such a motion "cannot assert new arguments or claims which were not before the court on the original motion.")).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05 Civ. 3430, 05 Civ. 4759, & 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. 2006). Thus, motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig.*, 886 F. Supp. 2d 298, 311-12 (S.D.N.Y. 2012); *accord Analytical Surveys, Inc.*, 684 F.3d at 52. "Controlling decisions include decisions from [the United States Supreme Court and] the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York." *Heffernan v. Straub*, 655 F. Supp. 2d 378, 380-81 (S.D.N.Y. 2009). Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." *Optimal*, 886 F. Supp. 2d at 312 (internal quotation marks omitted).

## PRO HAC VICE ADMISSION

Local Civil Rule 1.3(c), which governs *pro hac vice* admission, provides:

"A member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion (which may be made by the applicant) and upon filing with the Clerk of the District Court a certificate of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court, and upon paying the required fee."

In essence, *pro hac vice* admission permits an attorney in good standing, duly licensed outside the court's jurisdiction, to appear and practice law before the court on a limited basis. *See Dennis v. United States*, 340 U.S. 887, 887 (1950). It is by definition, at most, admission for a single proceeding. *Southerland v. Woo*, 998 F. Supp. 2d 89 (E.D.N.Y. 2014). *Pro hac vice* admission is a privilege, not a right, and it is subject to revocation. *Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (per curium), *cert. denied*, 355 U.S. 958 (1958). The granting of such privilege rests within the sound discretion of the presiding judge. *Spanos v. Skouras Theatres Corp.*, 364 F.2d 161, 167 (2d Cir. 1966) *citing Atchison, Topeka and Santa Fe Ry. Co. v. Jackson*, 235 F.2d 390 (10th Cir. 1956).

## DISCUSSION

Defendants assert Plaintiff's counsel should not be granted *pro hac vice* admission because it should only be granted in limited circumstances. Defendants suggest Ward has abused the privilege of appearing before this court without need of seeking formal admission. Purportedly, Ward is identified as counsel and or has applied for *pro hac vice* admission in approximately twelve cases currently pending in this court. Plaintiff does not dispute this fact. Since an application for *pro hac vice* admission is typically made *ex parte*, the court was unaware of Ward's appearances in several cases and multiple applications seeking *pro hac vice* admission.

Defendants opine Ward's conduct amounts to the actual practice of law within the jurisdiction, thus requiring formal—rather than *pro hac vice*—admission.

Plaintiff opposes the motion on the basis Defendants have failed to identify any instance wherein the court misapplied a controlling principle of law, as required on a motion for reconsideration. Additionally, Plaintiff opines that Ward's applications for admission and appearances in this court do not amount to the practice of law. Lastly, Plaintiff asserts, and Defendants concede, the motion is untimely.

Defendants' motion for reconsideration is untimely, thus warranting denial. Moreover, Defendants have failed to identify a misapplication of a controlling principle of law. Similarly, as acknowledged by the parties, the granting of a motion seeking *pro hac vice* admission is left to the sound discretion of the court. Defendants herein have failed to assert or demonstrate that the court abused its discretion.  Accordingly, the motion for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED in its entirety. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

Dated: January 22, 2016                        SO ORDERED:
      White Plains, New York

NELSON S. ROMÁN
United States District Judge